FRANK B. LUKER, SHERIFF OF THE COUNTY OF CAMDEN, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, COUNTY OF CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND WILLIAM H. SAWYER ET AL., DEFENDANTS.

Submitted January 21, 1941—Decided April 15, 1941.

Before Justices BODINE and PORTER.

For the prosecutor, *Edward F. Hodges*.

For the Civil Service Commission, *John F. Bruther*.

For the County of Camden, *Vincent L. Gallaher*.

For William H. Sawyer et al., *Meyer L. Sakin* and *Carl Kisselman*.

BODINE, J.   The prosecutor seeks *certiorari* to review an order of the Civil Service Commission of the state bearing date October 22d, 1940, as follows: "It is hereby ordered that the action of the Sheriff of Camden County in dismissing * * * William H. Sawyer, Edward Campbell, William Levin, Annie Moffet, Everett McCullough, Leonard Forsman, Wilmer Cline, Stephen Wilmer and Kathryn Ervolini in and about the courts of the County of Camden and as assigned by the Sheriff be and the same is hereby set aside, and the said William H. Sawyer, Edward Campbell, William Levin,

Annie Moffet, Everett McCullough, Leonard Forsman, Wilmer Cline, Stephen Wilmer and Kathryn Ervolini be and they hereby are reinstated to pay and position as of the date of their dismissal or the discontinuance of their service."

It was stipulated that if the court felt that *certiorari* should go it should determine the whole matter as though the writ had issued and a return had been made thereto. Such return as would be made was stipulated in the record.

On November 3d, 1936, the County of Camden, by referendum, adopted the provision of the State Civil Service laws. The Civil Service Commission classified the defendants as court attendants. On March 13th, 1940, pursuant to resolution and the provisions of *N. J. S. A.* 2:16-45, on recommendation of the Judge of the Court of Common Pleas of such county, the salaries of the defendants were fixed as court attendants at the sum of $1,092 per annum. The sheriff declined to accept the arrangement, certifying some of the court attendants to the county treasurer for payment of a salary at $5 per day and dismissed others and purported to employ others not certified by the Civil Service Commission.

The laws of this state are not to be so flouted. The sheriff relies upon *N. J. S. A.* 2:16-38 as follows: "The Sheriff of each county of this state shall appoint, from the body of the electors of his county such and so many persons as may be necessary to attend upon the several courts of his county and to perform the duties required to be performed by constables of the respective counties summoned to attend such courts." And *N. J. S. A.* 2:16-43 as follows: "The constables of the several counties shall receive for each and every day they are engaged in attendance upon the circuit court, the court of common pleas, the court of oyer and terminer and the court of quarter sessions in their respective counties, the sum of five dollars, which shall be in full and in lieu of all mileage or other allowances authorized prior to March twenty-third, one thousand nine hundred and twenty-six." But these statutes do not authorize him to remove court attendants already appointed. *Courter* v. *Butler,* 91 *N. J. L.* 683. After the adoption of the Civil Service law vacancies in the list of court attendants must be filled according to that law.

The argument is made that no court attendants have been chosen, so the sheriff may proceed under *N. J. S. A.* 2:16-49 and designate constables to serve on a *per diem* basis. The case before the Civil Service Commission is otherwise. Nor is the case of *Sawyer* v. *Camden,* 122 *N. J. L.* 119, applicable, because when that suit was commenced the plaintiffs in that cause had not received their classification as court attendants by clear and convincing proof. Further in that case, the Freeholders had not adopted the resolution above referred to fixing the defendants' compensation under *N. J. S. A.* 2:16-45.

The defendants' positions were protected by the Civil Service law. *Sawyer* v. *Camden, supra.* The salaries were fixed pursuant to law. The sheriff has, in this state, no prerogatives not subject to the Civil Service law. *State* v. *De Lorenzo,* 81 *N. J. L.* 613; *Sullivan* v. *McOsker,* 84 *Id.* 380; *Van Horn* v. *D'Arcy,* 88 *Id.* 675.

The Civil Service Commission, upon the proofs, could not have classified the defendants otherwise than it did. Two of the women court attendants were not constables. The defendants were all certified by the proper county officers as court attendants. The classification was within the jurisdiction of the commission. *N. J. S. A.* 11:6-2; *Davaillon* v. *Elizabeth,* 121 *N. J. L.* 380.

The sheriff had no power to remove the defendants without cause nor to reduce their salaries. *Hosp* v. *Civil Service Commission,* 83 *N. J. L.* 10.

The order of the Civil Service Commission should be affirmed. The rule will be dismissed, with costs, since the application is without merit.